## IN THE UNITED STATES BANKRUTPCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 04-14517 |
| | ) | |
| APPLIANCE CONTROL GROUP, INC. | ) | |
| ET AL, | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | No. 07-A-00384 |
| CARL E. LEVI, Trustee for | ) | |
| Hamilton County, Tennessee, | ) | Honorable A. Benjamin Goldgar |
| Plaintiff | ) | Hearing Date:  November 19, 2007 |
| HILCO CAMPITAL, L.P. | ) | Hearing Time:  10:00 a.m. |
| Defendant | ) | |

### NOTICE OF MOTION

TO:    Michael M. Eidelman, Vedder, Price, Kaufman & Kammholz PC
       222 N. LaSalle St., Suite 2600, Chicago, IL  60601

**PLEASE TAKE NOTICE** that on November 19, 2007, at the hour of 10:00 A.M. or as soon thereafter as counsel may be heard, I shall appear before the Honorable A. Benjamin Goldgar United States Bankruptcy Judge, in Courtroom 613 of the Everett McKinley Dirksen courthouse, 219 S. Dearborn Street, Chicago, Illinois, or any other judge sitting in his place and stead, and shall then and there present the attached **Motion for Summary Judgment,** a copy of which is hereby served upon you.

/s/ L. Judson Todhunter
L. Judson Todhunter

### CERTIFICATE OF SERVICE

I, L. Judson Todhunter, an attorney certify that I caused a copy of the above Notice and Motion to be served upon the party named above, by messenger delivery on November 14, 2007.

/s/ L. Judson Todhunter
L. Judson Todhunter

L. Judson Todhunter (2840510)
Defrees & Fiske LLC
200 S. Michigan Ave., #1100
Chicago, IL 60604
Telephone:  312-372-4000
Fax:  312-939-5617

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 04-14517 |
| | * | |
| APPLIANCE CONTROL GROUP, INC., | * | |
| ET AL, | * | Chapter 7 |
| | * | |
| Debtor | * | |
| | * | NO. 07-A-00384 |
| CARL E. LEVI, Trustee for | * | |
| Hamilton County, Tennessee, | * | |
| | * | Honorable A. Benjamin Goldgar |
| Plaintiff | * | |
| | * | |
| HILCO CAPITAL, L.P., | * | |
| | * | |
| Defendant | | |

## PLAINTIFF CARL E. LEVI, TRUSTEE FOR HAMILTON COUNTY, TENNESSEE'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Carl E. Levi, Trustee for Hamilton County, Tennessee, by and through the undersigned counsel, pursuant to Rule 56 of the *Federal Rules of Civil Procedure* and Rules 7056 and 9014 of the *Federal Rules of Bankruptcy Procedure*, moves the Court for summary judgment against defendant Hilco Capital, L.P., in the above-styled case, stating:

1.    Jurisdiction is proper in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

2.    There are no disputed issues of material facts and Carl E. Levi, Trustee for Hamilton County, Tennessee, is entitled to a judgment as a matter of law on the grounds that he did not receive proper notice that Appliance Control Group, Inc., has filed a Chapter 11 bankruptcy

petition or of the proposed sale of Appliance Control Group, Inc.'s personal property. He is entitled

to judgment against defendant in the amount of $48,571.00 plus statutory penalties and interest.

       3.  In support of its motion, plaintiff attaches hereto and relies upon the following:

         a.  Brief in support of plaintiff's motion for summary judgment;

         b.  Statement of undisputed material facts;

         c.  Sources for plaintiff's statement of undisputed material facts; and

         d.  Affidavit of Carl E. Levi.

WHEREFORE, plaintiff Carl E. Levi, Trustee for Hamilton County, Tennessee, moves

the Court for summary judgment against Hilco Capital, L.P.

Respectfully submitted,

SPEARS, MOORE, REBMAN & WILLIAMS, P.C.


BY:    /s/ Scott N. Brown
    Attorneys for Hamilton County Trustee
Scott N. Brown (BPR 001212)
P. O. Box 1749
Chattanooga, Tennessee  37401-1749
  Telephone:  423/756-7000
  Facsimile:  423/756-4801

DEFREES & FISKE, LLC


BY:   /s/ L. Judson Todhunter
    Attorneys for Hamilton County Trustee
L. Judson Todhunter
200 South Michigan Avenue, Suite 1100
Chicago, Illinois  60624-2480
  Telephone:  312/372-4000
  Facsimile:  312/939-5617

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | * | |
|  | * | Case No. 04-14517 |
| APPLIANCE CONTROL GROUP, INC., | * | |
| ET AL. | * | Chapter 7 |
|     Debtor. | * | |
|  | * | |
| CARL E. LEVI, Trustee for Hamilton | * | |
| County, Tennessee, | * | No. 07-A-00384 |
|  | * | |
|     Plaintiff, | * | Honorable A. Benjamin Goldgar |
| vs. | * | |
|  | * | |
| HILCO CAPITAL, L.P. | * | |
|  | * | |
|     Defendant. | * | |

---

### STATEMENT OF UNDISPUTED MATERIAL FACTS

---

1.    Plaintiff is the Tax collector for Hamilton County, Tennessee.

2.    Plaintiff is charged with a duty to collect various taxes for said County including *ad valorem* taxes assessed with respect to tangible business personal property.

3.    Appliance Control Group, Inc. (debtor) referred to herein as ACG, operated in Hamilton County, Tennessee in 2004, under the name "Harper Wyman Co.," but not under the name of ACG.

4.    ACG filed a proceeding under Chapter 11 in this United States Bankruptcy Court on April 12, 2004, being this case.

5.    The initial notice of the filing showed ACG and ACG Holding Co., but did not include the trade or operating name "Harper Wyman Co.".

6.    Plaintiff's office received a copy of the initial notice at some time relatively soon after the petition date.

7.    Plaintiff's office received no further notices relating to the ACG case until some time in mid or late 2005.

8.    Plaintiff's office did not have actual knowledge of the filing of the ACG case and proceedings until mid or late 2005.

9.    On September 8, 2004, the ACG case was converted to a proceeding under Chapter 7.

10. Hamilton County, Tennessee is owed tangible business    personal property taxes for the year 2004, in a base amount of $48,571.00, attributable to the tangible business personal property of debtor located in said county.

11.    The 2004 tangible business personal property taxes owed are secured by first lien against the tangible business personal property, superior to all other liens. T.C.A. §67-5-2101(a), §67-5-2102.

12.    The 2004 tangible business personal property taxes also accrue interest at 12% per annum and penalty at 6% per annum after their delinquency date, T.C.A. §67-5-2010. That date in the present suit was March 1, 2005.

13.    In the course of the Chapter 11 case, certain orders of this Court were entered purporting to affect the lien rights of Plaintiff to the tangible business personal property including:

    (a)    April 13, 2004 Emergency DIP Borrowing Order, #14;

    (b)    May 12, 2004 Interim DIP Borrowing Order, #75;

    (c)    June 9, 2004 Final Order Authorizing the Debtors to enter into Post-petition Financing Agreement, etc., #121;

    (d)    July 19, 2004 Order Approving Sale . . . Free of Liens, #170;

    (e)    July 23, 2004 Amended Order Approving Sale . . . Free of Liens, #182;

14.    Plaintiff received no notice of the filing of motions for the orders described above in Paragraph 13, nor of the hearings, nor of the orders, until mid to late 2005.

15.    Pursuant to the order for sale, Court Document Nos. 170 and 182, Burner Systems International, Inc. ("Burner Systems") purchased the tangible business personal property assets in Hamilton County which were subject to Plaintiff's lien.

16.    The net proceeds of sale of the tangible business personal property assets was in excess of $7,000,000.00 and was paid to defendant, pursuant to the distribution order, Court Document No. 188.

17.    The order for sale of July 19, 2004, recites in pertinent part:

6.    Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Assets shall be transferred to the Purchaser upon consummation of the Sale Agreement, and such transfer shall be, free and clear of (1) all Interests, and (b) all Claims, with the exception of those Claims and Interests expressly assumed in connection with the Sale

Agreement (including, without limitation, the Assumed Liabilities), with all such non-assumed Interests and Claims to attach to the Debtor's interest in the Sale Proceeds in the order of their priority, with the same validity, force and effect which they now have as against the Assets, subject to any claims and defenses the Debtor may possess with respect thereto.

. . .

33.     This Court retains jurisdiction to:

    (a)     Interpret, implement and enforce the terms and provisions of this Order and the terms of the Sale Agreement, all amendments thereto and any waivers and consents thereunder and of each of the agreements executed in connection therewith;

    (b)     Compel delivery of the Assets to the Purchaser;

    (c)     Resolve any disputes arising under or related to the Asset Sale to the Purchaser, including, without limitation, resolving Cure Amounts owing to counterparties to the Contracts; and

    (d)     Adjudicate all issues concerning alleged illegal liens and other Claims and any other alleged Interests in and to the Assets or the Sale Proceeds, including the extent, validity, enforceability, priority and nature of all such alleged liens and other Claims and any other alleged interests relating to the Sale Proceeds.

18.     Defendant has not discovered or furnished, nor is there any evidence to show that Plaintiff received any of the notices, motions, or orders recited in Paragraph 13, above.

19.     Defendant has refused to pay to Plaintiff the 2004 base tax and interest and penalties.

20.     On July 20, 2004, the day after the sale order free of liens of Hamilton County, Tennessee, debtor filed its 2004 annual property report with said County on the sold assets as "Harper Wyman Co.", with addresses of Chattanooga and Sugar Grove, Illinois.

21.   Plaintiff has filed a protective claim against the estate in this case, in the event he cannot collect from Defendant.

Respectfully submitted,

SPEARS, MOORE, REBMAN & WILLIAMS, P.C.

BY:   /s/ Scott N. Brown
　　　　Attorneys for Hamilton County Trustee
Scott N. Brown (BPR 001212)
P. O. Box 1749
Chattanooga, Tennessee   37401-1749
　Telephone:   423/756-7000
　Facsimile:   423/756-4801

DEFREES & FISKE, LLC


BY:   /s/ L. Judson Todhunter
　　　　Attorneys for Hamilton County Trustee
L. Judson Todhunter
200 South Michigan Avenue, Suite 1100
Chicago, Illinois   60624-2480
　Telephone:   312/372-4000
　Facsimile:   312/939-5617


**CERTIFICATE OF SERVICE ON NEXT PAGE**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | Case No. 04-14517 |
| APPLIANCE CONTROL GROUP, INC., | * | |
| ET AL. | * | Chapter 7 |
| Debtor. | * | |
| | * | |
| CARL E. LEVI, Trustee for Hamilton | * | |
| County, Tennessee, | * | No. 07-A-00384 |
| | * | |
| Plaintiff, | * | Honorable A. Benjamin Goldgar |
| vs. | * | |
| | * | |
| HILCO CAPITAL, L.P. | * | |
| | * | |
| Defendant. | * | |

---

**SOURCES FOR PLAINTIFF'S STATEMENT**
**OF UNDISPUTED MATERIAL FACTS**

---

1.  Affidavit of Carl E. Levi, Plaintiff.

2.  Affidavit of Carl E. Levi, Plaintiff.

3.  Affidavit of Carl E. Levi, Plaintiff, year 2004 Property Report attached to Levi Affidavit, and 2004 tax bill to Harper Wyman Co.

4.  Notice of Chapter 11 Bankruptcy case, meeting of creditors, and deadlines, issued April 26, 2004.

5. Notice of Chapter 11 Bankruptcy case, etc.; Defendant's Response to Request to Admit. "Hilco admits that Appliance Control Group, Inc. utilized the name Harper Wyman Co. Hilco admits that Appliance Control Group, Inc.'s Voluntary Chapter 11 Petition did not identify Harper Wyman Co. by name."

6. Affidavit of Carl E. Levi, Plaintiff.

7. Affidavit of Carl E. Levi, Plaintiff.

8. Affidavit of Carl E. Levi, Plaintiff.

9. Court Document No. 201.

10. Affidavit of Carl E. Levi, Plaintiff; 2004 tax bill.

11. T.C.A. §67-502101(a); T.C.A. §67-5-2102.

12. T.C.A. §67-5-2110.

13. (a) - (e) Court Document Nos. 14, 75, 121, 170, 182.

14. Affidavit of Carl E. Levi, Plaintiff; certificates of service of motions filed to obtain orders listed in Paragraph 13, above.

15. Court Document Nos. 170, 182.

16. Court Document No. 188.

17. Court Document No. 170.

18. Answer to Complaint.

19. Affidavit of Carl E. Levi, Plaintiff.

20. 2004 Property Report, **Exhibit 1** to Affidavit of Carl E. Levi, Plaintiff.

21.    Claim No. 349.

Respectfully submitted,

SPEARS, MOORE, REBMAN & WILLIAMS, P.C.

BY:    /s/ Scott N. Brown
    Attorneys for Hamilton County Trustee
Scott N. Brown (BPR 001212)
P. O. Box 1749
Chattanooga, Tennessee  37401-1749
    Telephone:  423/756-7000
    Facsimile:   423/756-4801

DEFREES & FISKE, LLC

BY:    /s/ L. Judson Todhunter
    Attorneys for Hamilton County Trustee
L. Judson Todhunter
200 South Michigan Avenue, Suite 1100
Chicago, Illinois  60624-2480
    Telephone:  312/372-4000
    Facsimile:   312/939-5617

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing Sources for Plaintiff's
Statement of Undisputed Material Facts by First Class U.S. Mail  upon the following:

    Michael M. Eidelman
    Vedder & Price
    222 N. LaSalle Street, Suite 2600
    Chicago, IL 60601-1003

This ____ day of _____, 2007.

**SPEARS, MOORE, REBMAN & WILLIAMS, P.C.**

By:_____
    Scott N. Brown, Jr., Esquire

SNB/BAS:seb/mjm
F:\Library\users\CLIENTS\124898\0018\MSJ Facts Sources 10.26.07 sg mjm.wpd

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | * |  |
|  | * | Case No. 04-14517 |
| APPLIANCE CONTROL GROUP, INC., | * |  |
| ET AL. | * | Chapter 7 |
| Debtor. | * |  |
|  | * |  |
| CARL E. LEVI, Trustee for Hamilton | * |  |
| County, Tennessee, | * | No. 07-A-00384 |
|  | * |  |
| Plaintiff, | * | Honorable A. Benjamin Goldgar |
| vs. | * |  |
|  | * |  |
| HILCO CAPITAL, L.P. | * |  |
|  | * |  |
| Defendant. | * |  |

---

### AFFIDAVIT OF CARL E. LEVI

---

I, Carl E. Levi, being duly sworn, depose and say the following:

1.      In 2002 I was elected to the office of Trustee for Hamilton County, Tennessee, and was re-elected in 2006. I have served continuously in that position from 2002 to the present time, and at all times relevant to the proceedings against Hilco Capital, L.P. respecting taxes owed by "Harper Wyman Co." which are the subject of this dispute.

2.      The Hamilton County Trustee is the County official charged with collection of taxes. Among those taxes for which I am responsible to make collection are *ad valorem* tangible business personal property taxes. These are assessed as to tangible business personal property located within

Hamilton County as of January 1 of the tax year in question, which in this dispute was the tax year 2004. By statute a lien to secure the year's taxes likewise arises on January 1.

3.      The tax rolls of Hamilton County, Tennessee listed "Harper Wyman Co." as the owner of the tangible business personal property located at 7463 Bonnyshire Drive, Chattanooga, Tennessee. The billing address furnished to us was Harper Wyman Co., 1833 Centerpoint Circle, Ste. 103, Naperville, Illinois 60563.

4.      Attached hereto as **Exhibit 1** is a copy of the tax year 2004 Tangible Personal Property Report filed by facsimile transmission from the said Harper Wyman Co., on or about July 20, 2004. In the property report Harper Wyman Co.'s address is 84 N. Dugan Road, Sugar Grove, Illinois 60554. This report is dated on its second page July 20, 2004, and stamped received the same date. Attached hereto as **Exhibit 2** is a copy of the tax bill which was later issued from my office.

5.      At some point in the second half of 2005, my office learned that Appliance Control Group, Inc. was related to the Harper Wyman Co. which we had as the taxpayer with respect to assets owned by either or both of those entities. My office had received a copy of the initial notice of the filing of the petition for Chapter 11 relief of Appliance Control Group, Inc., sometime in April or May of 2004, but we did not have a taxpayer by this name and took no further action on it.

6.      To the best of my knowledge and information, based on extensive inquiry, our office received no further notices with respect to the Appliance Control Group, Inc. case, respecting any motions, any orders, or any other events or proceedings in the case, until sometime in the mid or latter part of the year 2005. Specifically, we did not receive any notices of any motions which would have affected the lien status of Hamilton County, Tennessee with respect to the tangible business personal property located here, nor respecting the sale of the same, including motions, hearings and orders generated or held in the April, 2004 - July, 2004 period (Documents 14, 75, 121, 170, or 182).

-2-

7.    The 2004 tangible business personal property taxes owed by Harper Wyman Co./Appliance Control Group, Inc., are secured by a statutory first lien on the said property, superior to all other liens pursuant to Tennessee Code Annotated §67-5-2101 and 2102, **Exhibit 3**. The unpaid base base amount owed is $48,571.00. These taxes became delinquent March 1, 2005, and from that date until paid bear interest at the rate of 12 percent per annum and an additional penalty at the rate of six percent per annum per Tennessee Code Annotated §67-5-2010, **Exhibit 4**. If paid on or before October 31, 2007, the total due with respect to base tax, and penalty, and interest, is the sum of $78,855.01. This amount will increase at the rate of $728.57 per month for each monthly period after October 31, 2007.

8.    My attorneys have made demand on Hilco Capital, L.P. for payment of said sums which demands have been refused.

FURTHER AFFIANT SAITH NOT.

_____
CARL E. LEVI

STATE OF TENNESSEE :

COUNTY OF HAMILTON:

Sworn to and subscribed before me by Carl E. Levi, personally known to me, on this 12 day of ~~October,~~ 2007.
Navenber

_____
NOTARY PUBLIC

My Commission Expires: 11/7/10

SNB/BAS:seg/mjm
F:\Library\users\CLIENTS\124898\0018\MSJ Aff Levi 10.26.07 sg mjm.wpd



DAWN M. PATTON
STATE
OF
TENNESSEE
NOTARY
PUBLIC
HAMILTON COUNTY

JUL 20 2004



Assessor of Property



BILL BENNETT
ASSESSOR OF PROPERTY, HAMILTON COUNTY
6135 HERITAGE PARK DR.
CHATTANOOGA TN 37416
423 / 209-7323

**PART 1. GENERAL DATA**   **TANGIBLE PERSONAL PROPERTY REPORT**   05/19/04

**** SECOND AND FINAL NOTICE ****

| BUSINESS NAME AND ADDRESS | ACCOUNT NO. | DIST. | STATUS | CLASS CODE | RPT REC. | FORCED |
|---|---|---|---|---|---|---|
| HARPER CO<br>7463 BONNYSHIRE DR<br>CHATT TN 37416 | 1005960 | 1 | | 2036 | N | |
| | TYPE APP. | PROPERTY ADDRESS | | | | |
| | E | 7463   BONNYSHIRE DR | | | | |

| OWNERS NAME AND ADDRESS | MAP NO. | GROUP | PARCEL |
|---|---|---|---|
| HARPER WYMAN CO<br>84 N DUGAN RD<br>SUGAR GROVE IL 60554 | 129M | D | |
| | PREVIOUS ASSESSMENT | FIELD AUDIT | DESK AUDIT |
| | 65,535 | | |

| | FORCED AMOUNT | LEASED AMOUNT | NON-STANDARD |
|---|---|---|---|
| TYPE BUSINESS  MFG/SALES OFFICE | | | |
| CONTACT PERSON  DON BALDWIN   PHONE 610/870-3300 | 214,410 | 2,317 | |
| BUSINESS PHONE  (423) 648-7140 | REMARKS / EXPLANATION | | |
| | PRB 21195 FOR 2001 PER AMENDED | | |
| IN ACCORDANCE WITH TCA 67-5-903, THIS SCHEDULE MUST BE COMPLETED, SIGNED ON<br>THE REVERSE SIDE AND FILED WITH THE ASSESSOR OF PROPERTY BY MARCH 1ST<br>FAILURE TO DO SO WILL RESULT IN A FORCED ASSESSMENT, AND YOU WILL BE SUBJECT<br>TO A PENALTY AS PROVIDED BY STATE LAW. | REPORT FROM TVA AUDIT JC<br>AMENDED 2002 FILED 9/12/02 KC<br>ANNEXED TO CITY 1 SEP 2004 JC | | |

**IF YOU WERE OUT OF BUSINESS IN THIS COUNTY ON JANUARY 1, PLEASE NOTIFY THE ASSESSOR OF PROPERTY OR THE DATE OUT OF BUSINESS IN ORDER TO AVOID FORCED ASSESSMENT.**

**PART II.  OWNED PERSONAL PROPERTY.**  REPORT ALL PERSONAL PROPERTY OWNED BY YOU AND USED OR HELD FOR USE IN YOUR BUSINESS OR PROFESSION AS OF JANUARY 1, INCLUDING ITEMS FULLY DEPRECIATED ON YOUR ACCOUNTING RECORDS. DO NOT REPORT INVENTORIES OR MERCHANDISE HELD FOR SALE OR EXCHANGE OR FINISHED GOODS IN THE HANDS OF THE MANUFACTURER. A SEPARATE SCHEDULE SHOULD BE FILED FOR EACH BUSINESS LOCATION.

LIST THE TOTAL ORIGINAL COST TO YOU FOR EACH GROUP BY YEAR ACQUIRED. IF ORIGINAL COST IS PRINTED ON THE SCHEDULE, YOU NEED ONLY REPORT NEW COST TOTALS RESULTING FROM ACQUISITION OR DISPOSITION OF PROPERTY IN THE REVISED COST COLUMN. PROPERTY ON WHICH YOU WISH TO REPORT NON-STANDARD VALUE MUST BE REPORTED IN PART IV OF THIS SCHEDULE IN THIS SECTION.

GROUP 1 - Furniture, Fixtures, General Equipment, and all other property not listed in another group.

| YEAR | ORIGINAL COST | REVISED COST | DEPR. |
|---|---|---|---|
| 2003 | 702,500 | | .88 |
| 2002 | | | .75 |
| 2001 | 3510 | | .63 |
| 2000 | 1517 | | .50 |
| 1999 | | | .38 |
| 1998 | 13129 | | .25 |
| PRIOR | 2192 | | .20 |
| TOTAL | 20343 | 722,243 | |

GROUP 1A - Vehicles

| YEAR | ORIGINAL COST | REVISED COST | DEPR. |
|---|---|---|---|
| 2003 | | | .80 |
| 2002 | | | .60 |
| 2001 | | | .40 |
| PRIOR | | | .20 |
| TOTAL | | | |

GROUP 2 - Computers, Copiers, Peripherals, Fax Machines, and Tools

| YEAR | ORIGINAL COST | REVISED COST | DEPR. |
|---|---|---|---|
| 2003 | | | .67 |
| 2002 | | | .33 |
| PRIOR | 54989 | | .20 |
| TOTAL | 54989 | | |

| GROUP 3 - Molds, Dies & Jigs | | | |
|---|---|---|---|
| YEAR | ORIGINAL COST | REVISED COST | DEPR. |
| 2003 | | | .75 |
| 2002 | | | .50 |
| 2001 | 60678 | | .25 |
| PRIOR | 68872 | | .20 |
| TOTAL | 137570 | | |

| GROUP 4 - Aircraft, Towers, and Boats | | | |
|---|---|---|---|
| YEAR | ORIGINAL COST | REVISED COST | DEPR. |
| 2003 | | | .92 |
| 2002 | | | .85 |
| 2001 | | | .77 |
| 2000 | | | .69 |
| 1999 | | | .62 |
| 1998 | | | .54 |
| 1997 | | | .46 |
| 1996 | | | .38 |
| 1995 | | | .31 |
| 1994 | | | .23 |
| PRIOR | | | .20 |
| TOTAL | | | |

| GROUP 7 - Scrap Property | | | |
|---|---|---|---|
| YEAR | ORIGINAL COST | REVISED COST | DEPR. |
| 2003 | | | .92 |

| GROUP 8 - Raw Materials & Supplies | | |
|---|---|---|
| ORIGINAL COST | | .74511 |
| | | 1,844,910 |

| GROUP 5 - Mfg Machinery | | | |
|---|---|---|---|
| YEAR | ORIGINAL COST | REVISED COST | DEPR. |
| 2003 | 144472 | | .75 |
| 2002 | | | .57 |
| 2001 | 93757 | | .50 |
| 2000 | | | .43 |
| 1999 | 18375 | | .36 |
| 1998 | 17239 | | .25 |
| PRIOR | | 121510 | .20 |
| TOTAL | 114952 | 1,474,914 | |

| GROUP 6 - Billboard Tanks, Pipelines and Signs | | | |
|---|---|---|---|
| YEAR | ORIGINAL COST | REVISED COST | DEPR. |
| 2003 | | | .85 |
| 2002 | | | .79 |
| 2001 | | | .73 |
| 2000 | | | .67 |
| 1999 | | | .61 |
| 1998 | | | .55 |
| 1997 | | | .49 |
| 1996 | | | .43 |
| 1995 | | | .37 |
| 1994 | | | .31 |
| 1993 | | | .25 |
| PRIOR | | | .20 |
| TOTAL | | | |

| GROUP 9 - Construction in Progress | | | |
|---|---|---|---|
| YEAR | ORIGINAL COST | REVISED COST | DEPR. |
| 2003 | | 458,727 | .10 |

FORCED   176793

**REPORT MUST BE SIGNED AND DATED ON REVERSE SIDE**

**PART III.  LEASED PERSONAL PROPERTY.**
LISTED BELOW ARE THE LEASED ITEMS THAT YOU REPORTED PREVIOUSLY FOR LEASED PROPERTY. IF YOU HAVE ADDITIONS OF LEASED PROPERTY, PLEASE SUBMIT THOSE ON THE REVERSE SIDE OF THIS SCHEDULE.

| GP | YEAR | ITEM DESCRIPTION | ORIGINAL COST | REVISED COST | DEPR. | GP | YEAR | ITEM DESCRIPTION | ORIGINAL COST | REVISED COST | DEPR. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 2001 | COPIER | 7022 | | .29 | | | | | | |
| | 2003 | | 3070.00 | | | | | | | | |

REVERSE SIDE OF THIS FORM MUST BE COMPLETED IF APPLICABLE.
ALL QUESTIONS MUST BE ANSWERED AS OF JAN 1st AND RETURNED TO ASSESSOR NO LATER THAN MARCH 1st

**EXHIBIT**

1

tabbies

**PART III** LEASED PERSONAL PROPERTY — REPORT ALL ITEMS LEASED OR RENTED BY YOU AND/OR HELD FOR USE IN YOUR BUSINESS AS OF JANUARY 1, REGARDLESS OF ANY CONTRACT BETWEEN THE LESSOR AND LESSEE AS TO WHO SHALL PAY THE TAXES. LEASED PERSONAL PROPERTY IS TO BE REPORTED BY YOU AND ASSESSED TO YOU.

| GHP: | ITEM DESCRIPTION MAKE AND MODEL NUMBER | YEAR ACQ. | ORIGINAL COST | ADVERTISED RETAIL PRICE | TERM OF LEASE AND YEAR LEASE BEGAN | MONTHLY RENTAL | NAME OF LESSOR | ADDRESS OF LESSOR | ASSESSOR'S USE ONLY |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

TOTAL P.01

**PART IV:** OWNED AND LEASED ITEMS WITH NON-STANDARD VALUE. REPORT OTHER PROPERTY ON WHICH YOU WISH TO REPORT A VALUE DIFFERENT FROM STANDARD DEPRECIATED COST WHERE SUCH VALUE MORE CLOSELY APPROXIMATES FAIR MARKET VALUE. THE ASSESSOR MAY REQUEST SUPPORTIVE INFORMATION BEFORE ACCEPTING SUCH VALUE.

| GHP: | ITEM DESCRIPTION | YEAR MADE | ORIGINAL COST | DEPR. MATCH | VALUE AS OF JANUARY 1 | ASSESSOR'S USE ONLY DEPR. | VALUE |
|---|---|---|---|---|---|---|---|
| | Brother making | 2001 | 140,000 | | 140,000 | | |
| | Object Film | 2003 | 200,000 | | 200,000 | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | TOTAL | | | | |

* REPORT YEAR OF ACQUISITION IF LESSOR PURCHASED THE PROPERTY BEING USED.

** REPORT ADVERTISED RETAIL PRICE IF COST IS NEW IS UNKNOWN.

IF ADDITIONAL SPACE IS NEEDED, ATTACH A SEPARATE SHEET LISTING THE ABOVE FORMAT.

☐ SMALL ACCOUNTS CERTIFICATION (OPTIONAL) BY CHECKING THE BOX AT LEFT, I CERTIFY THAT THE TOTAL DEPRECIATED VALUE OF MY TANGIBLE PERSONAL PROPERTY (IN ALL GROUPS) IS $1,000 OR LESS. THIS CERTIFICATION IS SUBJECT TO PENALTIES FOR PERJURY AND MAY BE SUBJECT TO STATUTORY PENALTY AND COSTS IF THIS CERTIFICATION IS PROVEN FALSE.

I CERTIFY THAT THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ACCOMPANYING SCHEDULES OR DATA, IS TRUE, CORRECT, AND COMPLETE, TO THE BEST OF MY KNOWLEDGE AND BELIEF.

SIGNED _David L. Chu_____ DATE _7/20/07_

TITLE _Owner_____

Carl E. Levi, Hamilton County Trustee



HARPER WYMAN CO
1833 CENTRE POINT CIR STE 103
NAPERVILLE IL 60563

BILLING YEAR: 2004

BILL NUMBER:  69678

STATE GRID:   PER        1005960

DISTRICT:        1

PROPERTY ADDRESS:     7463 BONNYSHIRE DR

| MUNICIPAL RATE: | 0.0000 | AMOUNT: | $0.00 |
| COUNTY RATE: | 3.0610 | AMOUNT: | $48,571.00 |
| STORMWATER: | | AMOUNT: | $0.00 |
| | | TOTAL AMOUNT: | $48,571.00 |

HAMILTON COUNTY TAX
DUE OCTOBER 1, 2004    PENALTIES ADDED MARCH 1, 2005

Make Check Payable To and Mail To:

HAMILTON COUNTY TRUSTEE, 210 COURTHOUSE, CHATTANOOGA, TENNESSEE 37402
PHONE (423) 209-7270    FAX (423) 209-7271

**EXHIBIT**

tabbies

2

tax receivables shall be promptly paid by the taxing agency to the holder of the tax receivable; provided, however, that the taxing agency shall have the right to retain all amounts that are charged and collected as trustee's fees, attorney's fees and costs of collection or that are otherwise collected in excess of the amount due on the tax receivables sold.

(e) Unless provided otherwise in the purchase and sale agreement with respect to tax receivables sold:

(1) The amount bid in a tax sale on behalf of the governmental entities for which the taxes are owing shall include the amount of all tax receivables sold, including the costs incident to the collection thereof;

(2) In the event that the property is acquired by a governmental entity in a tax sale and is not redeemed by the end of the redemption period, then the governmental entity shall promptly offer the property for sale to private purchasers by appropriate means and shall make diligent efforts to sell the property at its reasonable market value, unless the governmental entity pays to the purchasers of the tax receivables the full amount of the tax receivables then due and unpaid;

(3) After a tax sale to a governmental entity, penalties and interest pursuant to § 67-5-2010(a)(1) shall continue to accrue on any tax receivables sold until paid in full; however, under no circumstances shall the cost of redemption be greater than if the receivable had not been sold; and

(4) No governmental entity shall have the power to discharge, reduce, delay or otherwise compromise the payment of any tax receivables that have been sold, unless the governmental entity pays to the purchasers of the tax receivables the amount of the tax receivable payments that have been reduced, delayed or otherwise compromised.

(f) Tax receivables and the penalties and interest accrued on the tax receivables shall be exempt from taxation by any governmental entity. The real property affected by any tax receivable shall not be exempt from taxation by reason of this section.

(g) It shall be the duty of the tax collector and all other state, county and municipal officers to continue to enforce the collection of tax receivables that have been sold pursuant to this section, in the same manner as if the tax receivables had not been sold. Nothing in this subsection (g) shall be construed to require of the tax collector or its officers, employees, agents or attorneys a standard of performance of their statutory or contractual duties in the collection of a tax receivable that is different from the standard of performance otherwise required of those persons. [Acts 2006, ch. 881, § 1.]

**Effective Dates.** Acts 2006, ch. 881, § 3.
June 19, 2006.

### Part 21—Tax Lien—Generally

**67-5-2101. Taxes on which lien based.** — (a) The taxes assessed by the state of Tennessee, a county, or municipality, taxing district, or other local governmental entity, upon any property of whatever kind, and all penalties, interest, and costs accruing thereon, shall become and remain a first lien upon such property from January 1 of the year for which such taxes are assessed.

EXHIBIT

tabbies

3

(b) In addition, delinquent property taxes are a personal debt of the property owner or property owners as of January 1, and, when delinquent, may be collected by suit as any other personal debt. In any lawsuit for collection of property taxes, the same penalties and attorney fees shall apply as set forth in § 67-5-2410, for suits to enforce liens for property taxes. The claim for the debt and the claim for enforcement of the lien may be joined in the same complaint. [Acts 1907, ch. 602, § 31; Shan., § 757; mod. Code 1932, § 1329; Acts 1974, ch. 644, § 1; 1974, ch. 771, § 13; T.C.A., § 67-1801; Acts 1993, ch. 315, § 22.]

**Section to Section References.** This section is referred to in § 67-5-2003.

**Textbooks.** Gibson's Suits in Chancery (7th ed., Inman), § 8.

Tennessee Jurisprudence, 18 Tenn. Juris., Liens, § 11; 19 Tenn. Juris., Municipal Corporations, § 94; 23 Tenn. Juris., Taxation, § 44.

**Attorney General Opinions.** Inclusion of bankruptcy debtors on delinquency lists forwarded to collection attorneys, OAG 99-124 (6/18/99).

**Cited:** Moore v. City of Chattanooga, 52 Tenn. App. 76, 371 S.W.2d 815, 1963 Tenn. App. LEXIS 91 (1963); In re Tennessee Cent. Ry., 316 F. Supp. 1103, 1970 U.S. Dist. LEXIS 10514 (M.D. Tenn. 1970); Marlowe v. Kingdom Hall of Jehovah's Witnesses, 541 S.W.2d 121, 1976 Tenn. LEXIS 532 (Tenn. 1976).

## NOTES TO DECISIONS

### ANALYSIS

1. Construction with Other Statutes.
2. Extent of Lien.
3. —Land.
4. —Personalty.
5. Person Obligated to Pay Tax.
6. Innocent Purchasers of Personalty.
7. Purchaser of Personalty Subject to Delinquent Taxes.
8. Purchaser at Foreclosure Sale.
9. Implied Warranty Upon Sale of Personalty.
10. Notice of Lien.
11. Right to Penalties and Interest.
12. Effect of Delay in Enforcing Lien.
13. Condemnation Proceedings by United States.
14. Liability for Tax.
15. Condemnation by State or Local Agency.
16. Precedence of Debt Due United States.
17. Remedies Available Only to Government.

### 1. Construction with Other Statutes.

The lien granted under § 67-5-802 to the landowner against a movable structure such as a mobile home located on his land to secure municipal and county taxes is not a "tax lien." Therefore, the owner of land used as a mobile home park is not entitled to the remedies and benefits provided by parts 21-25 of this chapter, all of which deal with tax liens. Belle-Aire Village, Inc. v. Ghorley, 574 S.W.2d 723, 1978 Tenn. LEXIS 680 (Tenn. 1978).

### 2. Extent of Lien.

Under this section the lien extends in favor of the state, counties and cities. Pope v. Knoxville Indus. Bank, 173 Tenn. 461, 121 S.W.2d 530, 1938 Tenn. LEXIS 28 (1938).

This section and § 67-5-2003 must be construed in pari materia so that this section creates a lien for taxes and § 67-5-2003 provides a method of the enforcement of the lien and so that a lien in favor of the state, counties and cities for taxes is not dependent for its existence upon a distress warrant where innocent purchasers are not involved. Pope v. Knoxville Indus. Bank, 173 Tenn. 461, 121 S.W.2d 530, 1938 Tenn. LEXIS 28 (1938).

Under T.C.A. § 67-5-2101 and § 67-5-2010, county's lien for taxes also secures its right to payment of penalties and costs. In re Brentwood Outpatient Ltd., 134 B.R. 267, 1991 Bankr. LEXIS 2156 (Bankr. M.D. Tenn. 1991), aff'd, 152 B.R. 727, 1993 U.S. Dist. LEXIS 3332 (M.D. Tenn. 1993).

### 3. —Land.

There is a lien upon land for taxes against it in favor of the state, county, and city. Edmonson v. Walker, 137 Tenn. 569, 195 S.W. 168, 1917 Tenn. LEXIS 169 (1917); Pope v. Knoxville Indus. Bank, 173 Tenn. 461, 121 S.W.2d 530, 1938 Tenn. LEXIS 28 (1938).

### 4. —Personalty.

There is no tax lien against personalty for taxes without the issuance of distress warrants, but there is a lien on land for taxes. Edmonson v. Walker, 137 Tenn. 569, 195 S.W. 168, 1917 Tenn. LEXIS 169 (1917). But see Pope v. Knoxville Indus. Bank, 173 Tenn. 461, 121 S.W.2d 530, 1938 Tenn. LEXIS 28 (1938).

City's lien for taxes against the personalty of a bank was not loss because no distress war-

only such interest as the delinquent possessed at the time of the assessment, and is subject to a vendor's lien which attached prior to such

assessment. Cardwell v. Crumley, 35 S.W. 767, 1895 Tenn. Ch. App. LEXIS 19 (Tenn. Ch. App. 1895), aff'd orally by the supreme court.

---

**Collateral References.** Condemnation proceedings, taxes as lien on compensation awarded in. 45 A.L.R.2d 522.

Conditionally sold property, lien on. 110 A.L.R. 1501.

Constitutionality of statute impairing or postponing lien for taxes. 53 A.L.R. 1134, 136 A.L.R. 328.

Other taxing unit of same state, lien for tax as affected by lien or sale for tax imposed by. 135 A.L.R. 1464.

Personal property taxes, statutory lien of, upon real property subject to existing lien. 47

A.L.R. 378, 65 A.L.R. 677.

Purchaser at tax sale, validity of statute abolishing right of, to lien for amount paid and for subsequent taxes paid, in case sale or certificate held invalid. 111 A.L.R. 257.

Purchaser of personal property as liable for taxes assessed against former owner which are a lien on the property. 41 A.L.R. 189.

Undivided tract, enforceability against, of tax levied against part of it at one rate and part at another. 112 A.L.R. 73.

Tax lien and priority ⇔ 371.501-514.5.

**67-5-2102. Property subject to lien.** — (a) This lien shall extend to each and every part of all tracts or lots of land, and to every species of taxable property, notwithstanding any division or alienation thereof, or assessing or advertising the same in the name of persons not actually owners thereof at the time of the sale, or though the owner be unknown. However, there shall be no lien against leased personal property assessed to a lessee.

(b) Such taxes shall be a lien upon the fee in the property, and not merely upon the interest of the person to whom the property is or ought to be assessed, but to any and all other interests in the property, whether in reversion or remainder, or of lienors, or of any nature whatever.

(c) Where there is assessable under the law a leasehold interest in real estate or any improvements on real estate, under which such real estate is exempt from taxation in the hands of and to the owner thereof, the taxes assessed against such leasehold interest or interest in improvements on such exempt real estate shall be a lien only upon such leasehold interest or interest in improvements, and not upon the interest of the owner of the fee or the remainder or reversion of the fee.

(d) In all cases where a penalty is incurred for exercising a privilege without license, the interest that the person thus exercising the privilege without license shall have in the building shall be liable for the penalty, superior to all other claims; but the interest of the owner of the building shall not be liable, unless the owner is privy to the violation of law.

(e) The distress warrant authorized by law to be issued in such cases, if proceeded with to sale, shall operate as a writ of possession against the party exercising the privilege, without license. [Code 1858, § 555 (deriv. Acts 1803, ch. 3, § 3; 1813, ch. 98, § 3); Acts 1870, ch. 96, §§ 2, 3; 1907, ch. 602, §§ 1, 31; Shan., §§ 758, 758a1, 758a3, 759, 760; Code 1932, §§ 1330, 1331, 1333-1335; T.C.A., (orig. ed.), §§ 67-1802, 67-1803, 67-1805 — 67-1807; Acts 1990, ch. 1075, § 12.]

**Textbooks.** Tennessee Jurisprudence, 23 Tenn. Juris., Taxation, § 44.

**Law Reviews.** Priority Conflicts Between Fixture Secured Creditors and Real Estate

Claimants (Coburn Dewees Berry), 7 Mem. St. U.L. Rev. 209.

**Cited:** Williams v. Land, 179 Tenn. 109, 163 S.W.2d 68, 1940 Tenn. LEXIS 72 (1940); Moore

§ 6; Shan. Supp., § 913b11; mod. Code 1932, § 1585; T.C.A. (orig. ed.), § 67-1320.]

**Cross-References.** Publication of notice of intent to file suit. § 67-5-2401.

**Collateral References.** Collection and enforcement ⫶= 371.544-603.

**67-5-2009. Record of levies.** — The trustee shall keep a record of all levies made by the trustee or deputies and of proceedings under such levies. [Acts 1907, ch. 602, § 49; Shan., § 881a1; Code 1932, § 1566; T.C.A. (orig. ed.), § 67-1309.]

**Collateral References.** Collection and enforcement ⫶= 371.544-603.

**67-5-2010. Penalty and interest.** — (a)(1) To the amount of tax due and payable, a penalty of one-half of one percent (.5%) and interest of one percent (1%) shall be added on March 1, following the tax due date and on the first day of each succeeding month, except as otherwise provided in regard to municipal taxes. Any county having a population in excess of seven hundred thousand (700,000), according to the 1980 federal census or any subsequent federal census establishing tax due dates other than the first Monday in October in each year, in accordance with § 67-1-701(a), shall have the authority to establish the date that interest and penalty shall begin to accrue as the date of delinquency in lieu of March 1.

(2) The rate of penalty and interest as provided in this section may be reduced to an amount not less than twelve percent (12%) per annum in the aggregate, upon approval by a two-thirds (⅔) vote of the appropriate local governing body that levied such taxes, in any county having a population of not less than twenty-four thousand six hundred (24,600) nor more than twenty-four thousand seven hundred (24,700), according to the 1980 federal census or any subsequent federal census.

(b) In all instances in which current municipal taxes are collected by the county trustee, the following provisions and rules for the collection of delinquent taxes that may be due to the municipalities and none other shall prevail and obtain, anything in this chapter to the contrary notwithstanding:

(1) The taxes levied and assessed by such municipalities shall become due and delinquent on the date as now provided by existing laws; and

(2) If such municipal taxes are not paid on or before the date fixed for the delinquencies thereof, to the amount of tax due and payable, a penalty of one half of one percent (.5%) and interest of one percent (1%) shall be added on March 1, following the tax due date and on the first day of each succeeding month. [Acts 1988, ch. 526, § 6.]

**Compiler's Notes.** For tables of U.S. decennial populations of Tennessee counties, see Volume 13 and its supplement.

**Section to Section References.** This section is referred to in §§ 13-21-103, 67-5-1329.

**Attorney General Opinions.** Constitutionality of reducing interest and penalty charges on delinquent taxes for low-income elderly property owners, OAG 96-044 (3/13/96).

**EXHIBIT**

4

TABBIES