**UNITED STATES BANKRUPTCY COURT – NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: | Case No. 04-014517 |
| APPLIANCE CONTROL GROUP, INC., et al., | |
| Debtor, | |
| CARL E. LEVI, Trustee for Hamilton County, Tennessee, | No. 07 A 0384 |
| Plaintiff, | |
| v. | |
| HILCO CAPITAL, LP, | |
| Defendant. | |

**DEFENDANT HILCO CAPITAL, LP'S RESPONSE TO**
**PLAINTIFF CARL E. LEVI'S MOTION FOR SUMMARY JUDGMENT**

Hilco Capital, LP ("Hilco"), by and through its attorneys and as its Response to Plaintiff Carl E. Levi's ("Levi") Motion for Summary Judgment, states as follows:

**I.   RELEVANT FACTS**

Levi, the tax collector for Hamilton County, Tennessee, seeks to belatedly recover proceeds paid to Hilco in accordance with prior Orders of this Court, including the Final DIP Financing Order and the Sale Order (as those terms are defined herein). Justifying the requested relief, Levi asserts that the Sale Order is voidable at his option, and, presumably recognizing that he cannot seek relief from the purchaser of the Debtor's assets, "elects" to directly pursue Hilco, as Agent for the Debtor's primary secured creditor, for the sale proceeds which he contends remain subject to his lien. This election of alleged remedies, however, amounts to no more than a thinly veiled collateral attack on Sale Order. As more than a year has passed since the entry of

1

the Sale Order, Levi's collateral attack on the sale, and on the disposition of proceeds therefrom, is barred by Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)-(c).

## II.    STANDARD

It is well established that summary judgment should only enter "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The party seeking summary judgment bears the initial burden of identifying those portions of the record that it believes demonstrate that there is no genuine dispute as to any fact material to the resolution of the motion. See id. at 323, 106 S. Ct. at 2553. Once the moving party has carried that burden, the burden shifts to the non-moving party to show, either by opposing evidentiary documents or by referring to evidentiary documents already in the record, specific facts showing that a genuine issue as to a material fact exists, which issue precludes the entry of summary judgment. See id. at 324, 106 S.Ct. at 2553.

When making a determination under Rule 56, factual questions and inferences are viewed in the light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); Valance v. Wisel, 110 F.3d 1269, 1274 (7th Cir. 1997); Patel v. Allstate Ins. Co., 105 F.3d 365, 367 (7th Cir. 1997). That is to say, a court examines the pleadings, affidavits, and other evidence introduced in the motion, resolves all factual and inferential doubts in favor of the non-movant, and determines whether a triable issue of fact exists. See id.; see also Campbell v. Illinois Dept. of Corrections, 907 F. Supp. 1173, 1179 (N.D. Ill. 1995) (noting that "[e]ven if the facts are not in dispute,

summary judgment would be inappropriate where there is a disagreement about the inferences that may be reasonably drawn from the facts").

### III. ARGUMENT

#### A. Levi's Collateral Pursuit of Proceeds from the Section 363 Sale is Barred by Federal Rule of Civil Procedure 60.

On July 23, 2004, the Court entered an Order under 11 U.S.C. §§ 105, 363, 365 and 1146(c) and Fed. R. Bankr. R. 6004 and 6006: (A) approving agreement of purchase and sale with purchaser, (B) authorizing sale of assets and assumption and assignment of assumed executory contracts free and clear of liens, claims, encumbrances and interests, and (C) granting related relief ("Sale Order"). See Levi's Second Amended Statement of Undisputed Material Facts, ¶13 (d).

Nearly two years later, Levi filed a Complaint in the Chancery Court of Hamilton County, State of Tennessee. The case was removed to the United States District Court, District of Tennessee, and subsequently transferred to this Court. Although Levi was aware of the Debtor's bankruptcy case, he claims not to have notice of the Sale Order prior to its entry. Levi offers no evidence on how he ultimately become aware of the Sale Order, nor on the amount of time that lapsed from when he learned of the Sale Order to when he filed his Complaint.

##### 1. Federal Rule of Civil Procedure 60 Bars Levi's Collateral Attack of the Sale Order

Fed. R. Civ. P. 60[1] provides, in pertinent part, as follows:

---

[1] Federal Rule of Bankruptcy Procedure 9024 provides as follows: "Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330."

> (b) **Grounds for Relief from a Final Judgment, Order or Proceeding**. On motion or just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justified relief.
>
> (c) **Timing and Effect of Motion**. (1) Timing. A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Levi's Complaint, and his requested relief, is an impermissible challenge to the Sale Order. While couched as a request for the disgorgement of a portion of the sale proceeds, it is well established that attempts to seek damages from a secured creditor who received proceeds from a sale that allegedly failed to comply with notice requirements is nothing more than a thinly disguised collateral attack on the Sale Order. Indeed, the Seventh Circuit has held that attacks against final orders such as the Sale Order must be pursued in accordance with Rule 60, rather than Levi's collateral end-run around same. See In re Met-L-Wood Corp. v. Gekas, 861 F.2d 1012, 1018 ("[W]e hold that confirmed sales--which are final judicial orders--can be set aside only under Rule 60(b)." In Met-L-Wood, the trustee sued the debtor, the purchaser of the assets and a subsequent purchaser for fraud arising from the sale of assets. Id. In dismissing the claims, the court held that:

> But by seeking heavy damages from the seller, the purchaser, the purchaser's purchaser (Pipin), a law firm involved in the transaction, and the secured creditors that benefited from the sale, the suit is a thinly disguised collateral attack on the judgment confirming the sale. This may be done only by route provided for collateral attacks on judgments. After the time for appeal has run,

4

> the validity of the sale was established, even against non-parties to the sale proceeding.

Id.; see also In re Berry Publ'g Serv., Inc., 231 B.R. 676, 680 (Bankr. N.D. Ill. 1999) ("The Sale Order is final and may not be collaterally attacked").

Moreover, Levi's assertion that the Sale Order is void and therefore susceptible to collateral challenge in a manner other than Rule 60 is solely without basis. See Met-L-Wood, 861 F.2d at 1018 ("A sale under section 363(b) that fails to comply with the notice or hearing requirements of the statute and applicable bankruptcy rules is invalid and therefore may be set aside on appeal. But it is not void. This is shown by the fact that even reversal on appeal of the order authorizing or confirming the sale will not affect the sale's validity if the buyer is acting in good faith and the sale had not been stayed pending appeal.") (emphasis added); see also In re Schipper, 109 B.R. 832, 834 n.6 (Bankr. N.D. Ill. 1989); In re Ducane Gas Grills, Inc., 320 B.R. 324, 332 (Bankr. D.S.C. 2004) ("Although it is recognized that a § 363(b) sale that fails to comply with the notice or hearing requirements of the bankruptcy code and the applicable bankruptcy rules is invalid and may be set aside on appeal, the transfer of property thereunder is not void because § 363(m) provides that even a reversal on appeal of an order confirming or authorizing a § 363 sale will not affect the sale's validity if the buyer acted in good faith and the sale had not been stayed pending appeal").

In In re Met-L-Wood Corp., the Chapter 7 trustee who was appointed after the sale of certain property of the debtor's estate sought damages against, among others, the secured creditors that benefited from the sale, asserting, inter alia, that the sale was fraudulent for, among other reasons, failure to comply with the notice requirements of Section 363(b). The Seventh Circuit found that "by seeking heavy damages from … the secured creditors that benefited from the sale, the suit is a thinly disguised collateral attack on the judgment confirming the sale. This

may be done only by the route provided for collateral attacks on judgments. After the time for appeal had run, the validity of the sale was established, even against nonparties to the sale." In re Met-L-Wood Corp., 861 F.2d at 1018. The court subsequently found that since more than a year had passed since the sale order was entered, the Trustee's suit was properly dismissed. The Court noted that although "the result may seem a harsh one … [u]nless bankruptcy sales are final when made, rather than being subject to being ripped open years later, high prices will not be offered for the assets of bankrupt firms…." Id. at 1019.

Levi next contends that federal circuits are split with respect to the effect of lack of notice on personal property in a bankruptcy case. While that may be of note from an academic perspective, it is of no consequence where, as here, the Seventh Circuit provides controlling authority.

Levi's collateral attack on the Sale Order closely resembles In re Edwards, 962 F.2d 641 (7th Cir. 1992), in which a junior lienholder who was not afforded notice of a sale order initiated an adversary complaint seeking a determination that its interest had priority to those of the purchaser at the bankruptcy sale. Id. at 642. Stillman Valley National Bank ("Stillman") had a first mortgage on certain property owned by the debtor, while Golden Guernsey Dairy ("Guernsey") held a second mortgage. Id. The court eventually confirmed a sale of the property, with all liens against the property becoming liens against the proceeds. Stillman was fully paid, and a balance of $7,000 remained. Guernsey allegedly did not learn about the sale until it received a check from the trustee more than a year after the sale. Id. Apparently, in listing his creditors in his petition, the Debtor had given an incorrect address for Guernsey's lawyer. As a result, Guernsey failed to receive notice of the sale. Id.

6

Guernsey filed a motion to vacate the sale order. Id. at 643. The court noted that since the time to appeal had passed, "the sale could be challenged, if at all, only in accordance with the provisions of Rule 60(b) of the Federal Rules of Civil Procedure." Id. The court found that, pursuant to Rule 60(b), the time to vacate the sale order had passed, and declined to find that the inadequate notice given to Guernsey rendered the sale void and not subject to the one-year time limit set forth in Rule 60(b). The court declined to vacate the sale order. In doing so, the court considered the competing interests involved, stating "[t]o take away a person's property--and a lien is property--without compensation or even notice is pretty shocking, but we have property rights on both sides of the equation here…." Id. at 645. The court further found that the policy of finality of a bankruptcy sale was an important policy that "would mean rather little if years after the sale a secured creditor could undo it by showing that through some slip-up he hadn't got notice of it." Id. It is this policy of finality, and controlling procedural rules in place to ensure finality of approved sales and distributions, that Levi would have the Court ignore.

Levi asserts, in reliance solely upon secondary materials, that Hilco's status as a "bona fide seller" offers no protection where a lienholder was without notice of sale. See Motion at p. 11 (citing to COLLIER ON BANKRUPTCY ¶ 363.13). Levi's reliance is misplaced as he misstates Hilco's role in the transaction, and further ignores controlling authority. Hilco was neither the purchaser nor seller at the sale of debtor's assets. Rather, Hilco stood as agent to the debtor in possession lender, with a first priority perfected security interest securing a debt well exceeding the purchase price of the property that was the subject of the sale.

Moreover, Levi relies upon secondary material explicitly rejected by controlling authority. Judge Posner, in In re Edwards, acknowledged COLLIER ON BANKRUPTCY ¶ 363.13, and in rejecting reliance upon it, wrote that "the treatise makes no effort to reconcile this

CHICAGO/#1742403.2 2/1/08