<u>UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION</u>

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 04-14517 |
| | * | |
| APPLIANCE CONTROL GROUP, INC., | * | |
| ET AL, | * | Chapter 7 |
| | * | |
| Debtor | * | |
| | * | NO. 07-A-00384 |
| CARL E. LEVI, Trustee for | * | |
| Hamilton County, Tennessee, | * | |
| | * | Honorable A. Benjamin Goldgar |
| Plaintiff | * | |
| | * | |
| HILCO CAPITAL, L.P., | * | |
| | * | |
| Defendant | | |

## <u>PLAINTIFF'S SUPPLEMENTAL BRIEF ON JURISDICTIONAL ISSUE</u>

Plaintiff filed a Motion for Summary Judgment in this case. Defendant responded. The matter came before the Court on February 11, 2008, at which time the Court expressed concern about its jurisdiction to hear this matter and directed the plaintiff to file a supplemental brief on this Court's jurisdiction.

Plaintiff in this case is the tax collector for Hamilton County, Tennessee. He is a public official, operating under the overall direction of the Hamilton County Commission, and has a fiduciary duty to citizens of the county to exercise control over the functions of his office, including the expenditure of public funds for the purpose of collection of taxes. Plaintiff believes that the jurisdiction of the Court has already been established and he has instructed his attorneys to make this limited further response on this issue.

## <u>PROCEDURAL HISTORY/JURISDICTION</u>

Plaintiff sued defendant in the state court system in Tennessee. Defendant removed the matter to the local federal court in Tennessee on "federal question jurisdiction." After more than

six months there, upon motion of the defendant specifically requesting a change of venue from the United States District Court in Tennessee to the United States Bankruptcy Court, Northern District of Illinois, the Tennessee District Court transferred the case to the United States District Court for the Northern District of Illinois to be transferred further to this Honorable Court. The United States District Judge for the Northern District of Illinois did in fact transfer the case to this Honorable Court upon receipt of the case from Tennessee. Thus, the matter is before this Honorable Court pursuant to orders of the transferring Tennessee United States District Judge and the United States District Court for the Northern District of Illinois. All of this transferring occurred on defendant's motion without the consent of the plaintiff. However, now the plaintiff is forced to defend the transfer process and establish the jurisdiction of this Honorable Court.

## THIS COURT'S RETENTION ORDER

As has been previously pointed out to this Court, the sale order of this Court in this proceeding entered July 23, 2004, (Court Document No. 170), purported to retain jurisdiction. In its Paragraph 33, the Court ordered "This Court retains jurisdiction to: . . . (d) adjudicate all issues concerning alleged liens and other claims and any other alleged interests in and to the assets **or the sale proceeds**, including the extent, validity, enforceability, priority and nature of all such alleged liens and other claims and any other alleged interests relating to the sale proceeds." Thus, this Court appeared to have settled the question in its own mind and in the sale order as to whether or not it has jurisdiction over this proceeding, since the clear language of the Order retains such jurisdiction. It is beyond serious question that a court has inherent jurisdiction to enforce its own lawful orders. *See* Warehouse, Mail Order, Office, Technical, and Professional Employees Local 743 v. Columbia Rust Roof, Inc., 550 F.Supp. 73 (D.C. Ill. 1982). In general, retention of such jurisdiction by the selling Bankruptcy Court is lawful as well as routine, and in fact does retain such jurisdiction in that Court to decide these types of controversies. *See* Kalamazoo Realty Venture, Ltd. v.

Blockbuster Entertainment Corp., 249 B.R. 879 (N.D. Ill 2000). The transferring Court put major emphasis on this Honorable Court's retention order in making the decision to transfer.

## STATUTORY JURISDICTION

Finally, under Tennessee statutes the taxes in issue are secured by liens on assets. *See, e.g.,* T.C.A. §67-5-2101(a); T.C.A. §67-5-2102; and T.C.A. §67-5-2010, copies attached. The sale order transferred liens to the proceeds and Plaintiff's claim is now a lien against proceeds of the sale of those assets which were subject to this lien, now in the hands of the defendant.

Plaintiff's claim is also a personal debt of the debtor itself, and now the debtor's estate. T.C.A. §67-5-2101(b). It is allowable as a priority tax claim *vis-a-vis* the estate. To the extent that it is not paid by the defendant in the adversary proceeding, the base tax amount will continue to be a priority claim against the estate. Presumably there will be funds in the estate to pay unsecured priority taxes including the base tax. Such a payment to plaintiff obviously will reduce distributions to other unsecured creditors. Thus, the estate of the debtor in this proceeding and other creditors who are still in this proceeding will be directly affected by the Court's decision in this case. The controversy is not one between third parties hav-ing no relation to nor impact upon the estate. It is a core proceeding under 28 U.S.C. §157(b)(2)(A), (K), (L), (N), and/or (O), and will have a real effect on the administration of this bankruptcy case and the distribution of the proceeds. For that reason, in addition to those above, this Court does in fact have jurisdiction to adjudicate this dispute. *See e.g.,* In Re Spaulding & Co., 131 B.T. 84 (N.D. Ill 1990).

## CONCLUSION/ABSTENTION

Plaintiff believes that the Court's jurisdiction is clear, but the real question relates to abstention rather than jurisdiction. This Court presumably can abstain and remand to the United States District Court if it finds the issues have no direct impact on the Chapter 7 case. In so doing, it should be aware that the sole Order involved in this proceeding was issued by this Court on

matters which are routine in this Court, understood by this Court, and is logically enforceable by this Court. The logical and proper ruling of this Court would be to retain the case and adjudicate the case on the merits, presumably on the Motion for Summary Judgment.

Respectfully submitted,

**SPEARS, MOORE, REBMAN & WILLIAMS, P.C.**

By: /s/ Scott N. Brown, Jr.
Scott N. Brown, Jr.
Attorneys for Hamilton County Trustee
P.O. Box 1749
Chattanooga, TN 37401-1749
Telephone: (423) 756-7000
Facsimile: (423) 756-4801

DEFREES & FISKE, LLC

BY: /s/ L. Judson Todhunter
L. Judson Todhunter
Attorneys for Hamilton County Trustee
200 South Michigan Avenue, Suite 1100
Chicago, Illinois 60624-2480
Telephone: (312) 372-4000
Facsimile: (312) 939-5617