UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | Chapter 7 |
| APPLIANCE CONTROL GROUP, INC., et al., | Case No. 04-014517 |
| Debtor, | Honorable A. Benjamin Goldgar |
| CARL E. LEVI, Trustee for Hamilton County, Tennessee, | Adv. No. 07 A 0384 |
| Plaintiff, | |
| v. | |
| HILCO CAPITAL, LP, | |
| Defendant. | |

**DEFENDANT HILCO CAPITAL, L.P.'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF ON JURISDICTIONAL ISSUE**

Defendant Hilco Capital, L.P. ("Hilco"), by and through its counsel, hereby submits its Response (the "Response") to Plaintiff Carl E. Levi's ("Plaintiff") Supplemental Brief on Jurisdiction. In support of its Response, Hilco states:

**Relevant Background**

1. Since this Adversary Proceeding was initially referred to this Court from the United States District Court for the Northern District of Illinois [Docket No. 1], this Court has, *sua sponte*, repeatedly asked whether it has subject matter jurisdiction over this matter[1].

---

[1] Although Hilco initially requested that this case be removed from the Tennessee State Court (where it was originally filed) to the United States District Court for the District of Tennessee, then transferred to the United States District Court for the Northern District of Illinois and ultimately referred to this Court, Hilco respects this Court's obligation to determine if it has jurisdiction. See, e.g., Hay v. Indiana State Board of Tax Commissioners, 312 F.3d
(cont'd)

1

CHICAGO/#1802783.3

2.     On February 11, 2008, the Court entered its minute Order [Docket No. 39], establishing a briefing schedule on the jurisdictional issue.

3.     On April 3, 2008, Plaintiff filed his Supplemental Brief on Jurisdictional Issue [Docket No. 40]. Although Plaintiff supports this Court's retention of jurisdiction, it cannot—even if Hilco were to agree--confer jurisdiction upon this Court. See, e.g., Shapo v. Engle, 463 F.3d 641, 645 (7th Cir. 2006) ("Parties cannot confer federal jurisdiction by agreement."). Moreover, Plaintiff failed to cite any controlling precedent supporting its contention that this Court has subject matter jurisdiction over this Adversary Proceeding.

## Argument

### A. The Seventh Circuit's Narrow View of Jurisdiction

4.     The Seventh Circuit Court of Appeals has articulated a very narrow view of a bankruptcy court's post-sale jurisdiction, finding that bankruptcy courts lack jurisdiction to interpret their own sale orders where resolution of an issue stemming from such orders would have no impact on the bankruptcy estate, notwithstanding the reservation of bankruptcy court jurisdiction in such orders. See, e.g., Zerand-Bernal v. Cox, 23 F.3d 159 (7th Cir. 1994); In re Edwards, 962 F.2d 641 (7th Cir. 1992).

5.     In Zerand-Bernal, the Seventh Circuit found that, although the sale order specifically provided that the bankruptcy court retained jurisdiction to enforce the sale order and enjoin certain products liabilities claims, the bankruptcy court lacked jurisdiction to enjoin the

---

(cont'd)
876, 879 (7th Cir. 2002) ("[N]ot only may the federal courts police subject matter jurisdiction *sua sponte*, they must.").

products liability claim at issue because the relationship of the claim to the bankruptcy "is too tenuous to empower the bankruptcy court … to adjudicate a tort suit … years after the bankruptcy was wound up." Zerand-Bernal, 23 F.3d at 162-63.

6.      Similarly, in Edwards, the Seventh Circuit held that an adversary complaint which sought a determination that the plaintiff had priority over other liens against property that was sold more than a year earlier could not invoke the jurisdiction of the bankruptcy court because the property had passed outside of the bankruptcy court's control when it was sold free and clear of all liens, no appeal of the bankruptcy court's sale order had been timely filed, and, under the circumstances before it, the sale order could not be properly challenged by the plaintiff under Rule 60(b) of the Federal Rules of Civil Procedure.  Edwards, 962 F.2d at 643 ("Since the property was no longer part of the bankrupt estate and since a determination of rights to it would not affect any dispute by creditors over property that was part of the bankrupt estate, the bankruptcy court had no jurisdiction to determine rights to the property.").

7.      Here, Plaintiff asserts that this Adversary Proceeding is properly before the Court because the Court retained jurisdiction pursuant to paragraph 33 of the Order Under 11 U.S.C. §§ 105, 363, 364, 365 and 1146(c) and Fed. R. Bankr. P. 6004 and 6006 (A) Approving Asset Purchase Agreement of Purchase and Sale with Purchaser; (B) Authorizing the Sale of Assets and Assumption and Assignment of Assumed Executory Contracts Free and Clear of Liens, Claims and Encumbrances and Interests, and (C) Granting Related Relief (the "Sale Order") [Docket No. 170]. However, where the resolution of an issue has no impact on the bankruptcy

3

estate (as is the case here), the Bankruptcy Court lacks jurisdiction, notwithstanding a reservation of Bankruptcy Court jurisdiction[2].

### B. Resolution of this Adversary Proceeding Has No Impact on the Bankruptcy Case

8.  The adjudication of this Adversary Proceeding will have absolutely no impact on the Debtor's bankruptcy estate as Plaintiff's claim may be paid prior to the resolution of this Adversary Proceeding.

9.  Based upon Hilco's counsel's communications with David E. Grochocinski, the Chapter 7 Trustee (the "Trustee"):

   (a)  the Chapter 7 estate has in excess of $1 million currently on deposit;

   (b)  upon information and belief, funds in the estate will be sufficient to pay all allowed Chapter 7 and Chapter 11 administrative claims, and allowed Chapter 11 priority claims (such as the claim asserted by Plaintiff) in full; and

   (c)  the Trustee has completed his administration of estate assets, and after establishing an administrative claims bar date, will be prepared to close the estate and make a distribution to creditors (anticipated to be before December 31, 2008).

10. In order to avoid draining the Court's time, avoid protracted wrangling between the parties, and afford Plaintiff with adequate time to receive payment on account of its claims, Hilco respectfully requests that the Court continue the scheduled ruling on its jurisdiction over this Adversary Proceeding from October 15, 2008 to January 20, 2009, or at such time thereafter as the Court deems appropriate.

---

[2] By this reference, Hilco incorporates the arguments made in its Response to Plaintiff's Motion for Summary Judgment [Docket No. 26], regarding both the lack of jurisdiction and why Plaintiff's collateral attack of the Sale Order is barred by Rule 60 of the Fed. R. Civ. P.

4

CHICAGO/#1802783.3

WHEREFORE, Hilco respectfully requests that the Court continue the date set for ruling on its jurisdiction over this Adversary Proceeding until on or after January 20, 2009, or such time thereafter as the Court deems appropriate.

                Respectfully submitted,

                HILCO CAPITAL, LP

                By:  s/ Michael M. Eidelman
                       One of Its Attorneys

Michael M. Eidelman (ARDC No. 06197788)
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601-1003
Telephone: (312) 609-7500
Facsimile: (312) 609-5005

Dated: June 12, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing **Defendant Hilco Capital, L.P.'s Response to Plaintiff's Supplemental Brief on Jurisdictional Issue** was served on June 12, 2008 to the parties listed below:

| | |
|---|---|
| Lewis J. Todhunter<br>Defrees & Fiske<br>200 S. Michigan Avenue<br>Chicago, IL  60604<br>ltj@defrees.com | Scott N. Brown, Jr.<br>Spears, Moore, Rebman & Williams, P.C.<br>P.O. Box 1749<br>Chattanooga, TN 37401 |
| by electronic service. | by U.S. Mail. |

/s/ Michael M. Eidelman